# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     2:26-cv-03397-JGB-AJR                     Date:  April 7, 2026
                                                       Page 1 of 5

Title:       Jorge Barerras v. K. Rodriguez, et al.

---

DOCKET ENTRY:  **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND ORDER DEFERRING RULING ON PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Ashley Silva-Elder | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

|  ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On March 23, 2026, *pro se* Plaintiff Jorge Barerras ("Plaintiff"), a state prisoner then in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison, Lancaster ("CSP-LAC"), filed a Civil Rights Complaint Pursuant to 42 U.S.C § 1983 (the "Complaint") against Correctional Officer K. Rodriguez and Warden Leanna Lundy (collectively "Defendants"), along with a Request to Proceed *In Forma Pauperis* (the "IFP Request").  (Dkts. 1-2.)  Based on the Court's review of the Complaint, it appears that Plaintiff may not have exhausted available administrative remedies before filing this action.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.        2:26-cv-03397-JGB-AJR                    Date:  April 7, 2026
                                                          Page 2 of 5

Title:          <u>Jorge Barerras v. K. Rodriguez, et al.</u>

## I.        **PLAINTIFF'S IFP REQUEST**

Plaintiff has filed a Request to Proceed *In Forma Pauperis*.  (Dkt. 2.)  Because it appears that this action may be subject to dismissal for failure to exhaust administrative remedies, the Court DEFERS ruling on Plaintiff's IFP Request pending resolution of the exhaustion issue.

## II.        **DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  <u>See</u> <u>Ross v. Blake</u>, 578 U.S. 632, 638-39 (2016); <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).  Proper exhaustion requires compliance with the prison's procedural rules and completion of the administrative review process before filing suit.  <u>See Woodford</u>, 548 U.S. at 90-91; <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.").

A prisoner exhausts a multi-level grievance procedure only when the prisoner completes the final level of review.  <u>See</u> <u>Brown v. Valoff</u>, 422 F.3d 926, 934, 937-38 (9th Cir. 2005); <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001) ("[P]risoner plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint.").  "Exhaustion requirements apply based on when a plaintiff files the operative complaint, in accordance with the Federal Rules of Civil Procedure."  <u>Jackson v. Fong</u>, 870 F.3d 928, 935 (9th Cir. 2017); <u>accord</u> <u>Saddozai v. Davis</u>, 35 F.4th

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.        2:26-cv-03397-JGB-AJR                    Date:  April 7, 2026
                                                        Page 3 of 5

Title:          Jorge Barerras v. K. Rodriguez, et al.

705, 708 (9th Cir. 2022).

        The CDCR has established an administrative grievance process through which
incarcerated persons may seek review of departmental policies, conditions of confinement,
or staff conduct affecting them.  See 15 Cal. Code Regs. §§ 3480, *et seq*.  Under these
regulations, an incarcerated person, or "claimant," may submit a written grievance to
dispute a policy, decision, action, condition, or omission by the Department or
departmental staff that causes measurable harm to the claimant's health, safety, or welfare.
See 15 Cal. Code Regs. § 3481(a).  The grievance must be submitted on a CDCR Form
602-1 to the Institutional Office of Grievances at the prison.  See 15 Cal. Code Regs. §
3482(a), (c).  If the claimant wishes to challenge the resulting decision, the claimant may
submit an appeal to the CDCR Office of Appeals.  See 15 Cal. Code Regs. §§ 3484(a),
3485(a).  Completion of the review process by the Office of Appeals constitutes
exhaustion of all administrative remedies available to the claimant.  See 15 Cal. Code
Regs. § 3486(m).

        Here, when asked in the Complaint form, "Is the grievance procedure completed?",
Plaintiff checked the box "Yes."  (Dkt. 1 at 2.)  However, elsewhere in the Complaint,
Plaintiff appears to acknowledge that his grievance process may still have been pending.
Specifically, Plaintiff attaches a document entitled "Inmate Request for Interview" dated
January 18, 2026, in which Plaintiff states:

        I would like 2 know if all of my administrative remedies are exhausted.  About 5
        months Internal Affairs came by and talked to me about my '602' [grievance form.]
        I put in a while back on March 19, 2025. . . . The Internal Affairs spoke to me about
        the RE: Staff Misconduct Complaint log #98618.  Does that mean that all of my
        administrative remedies are exhausted.  Can you please let me know and give me
        the copies of all the documents . . . .

(Dkt. 1 at 11-12.)  Additionally, Plaintiff attaches a "Claimant Grievance Receipt
Acknowledgment" dated January 23, 2026, in which the CDCR advised Plaintiff that it
had until March 25, 2026 to complete its review of the grievance pursuant to Section

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      2:26-cv-03397-JGB-AJR          Date:  April 7, 2026
                                                             Page 4 of 5

Title:         Jorge Barerras v. K. Rodriguez, et al.

3483(g).  (Id. at 10.)

Based on these documents, as presented, it appears that Plaintiff has not waited for a response to his grievance and potentially has not completed the internal appeal process. Under Section 3483(g), a prisoner must receive a "written decision letter" within 60 calendar days after receipt of the appeal.  See 15 Cal. Code Regs. § 3483(g).   Thus, the documents attached to the Complaint suggest that Plaintiff may not yet have received a final decision regarding his January 23, 2026 grievance and potentially has not completed the internal appeal process.

Furthermore, Plaintiff has not presented any extraordinary circumstances which might support an excuse from complying with PLRA's exhaustion requirement.  Cf. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (courts should not read "futility or other exceptions" into section 1997e(a)).  Moreover, **exhaustion is mandatory** and not left to the discretion of the district court.  Woodford, 548 U.S. at 84.  Courts may not create their own "special circumstances" exceptions to the exhaustion requirement.  Ross, 578 U.S. at 637 (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably -- even though mistakenly-- believed he had exhausted his remedies). Accordingly, it appears that Plaintiff needs to wait for a response to his grievance and then complete the internal appeals process before filing his lawsuit in federal court.

### III.     DISPOSITION

When the district court concludes that the plaintiff has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d, 1108, 1120 (9th Cir. 2003), overruled on other grounds by, Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** by **May 7, 2026**, why this case should not be dismissed without prejudice for failure to exhaust.  **Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth why dismissal is unwarranted.  Specifically, to avoid dismissal, Plaintiff needs to either explain how he has fully exhausted his claim or explain why extraordinary circumstances exist in order to excuse him from complying with PLRA's exhaustion requirement**.  See, e.g., Ross, 578 U.S. at 643 (identifying "three kinds of circumstances in which an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.       2:26-cv-03397-JGB-AJR                    Date:  April 7, 2026
                                                        Page 5 of 5

Title:         Jorge Barerras v. K. Rodriguez, et al.

administrative remedy, although officially on the books, is not capable of use to obtain relief").

       **Plaintiff is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with or without prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Plaintiff's convenience.**

       IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).